IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
James V. MONTGOMERY, Attorney at Law.

Supreme Court

*No. 81–1202–D. Filed November 2, 1982.*
(Also reported in 325 N.W.2d 727.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license revoked.*

On June 19, 1981, the Board of Attorneys Professional Responsibility filed a complaint against James V. Montgomery, an attorney admitted to practice in Wisconsin in 1972, and who practices in Milwaukee. It was alleged that the respondent employed lay persons to solicit personal injury work from persons who had not sought advice regarding employment of a lawyer, aided those lay persons in the unauthorized practice of law, specifically, to negotiate settlements of personal injury and worker compensation claims and to process social security claims, shared legal fees with non-lawyers, failed to maintain a

trust account for 1979, and misused his trust account during 1980 for the payment of salaries and office expenses and for the withdrawal of personal funds, failed to return client funds upon request and charged an illegal and excessive fee in a worker compensation case. It was further alleged that the respondent negotiated a settlement of a client's medical malpractice claim without the knowledge of the client, caused the client's endorsement on the insurer's settlement check to be forged and deposited the proceeds in his trust account for his own use and benefit, without informing the client of the settlement negotiations or the receipt and disposition of the settlement proceeds.

We referred the matter to the Hon. John A. Fiorenza, reserve judge, as referee, pursuant to SCR 21.09(4). Proceedings on the complaint were stayed by the referee on December 28, 1981, pending disposition of criminal charges then pending against the respondent. The referee's order staying the disciplinary proceeding was accompanied by a stipulation between the Board and the respondent which prohibited the respondent from practicing law in Wisconsin or elsewhere pending disposition of the criminal charges. The respondent was subsequently convicted of one count of theft (party to a crime) and two counts of forgery (party to a crime) on May 3, 1982. That conviction related to the respondent's representation of a client in the medical malpractice claim.

On May 11, 1982, the Board amended its complaint to include allegations concerning the respondent's May 3, 1982 conviction and filed a petition for the summary suspension of the respondent's license to practice law, pursuant to SCR 11.03. We suspended the respondent's license on May 24, 1982, pending final disposition of this disciplinary proceeding and until further order of the court.

The referee filed his report with the court on September 30, 1982, in which he noted that the parties entered into a stipulation on the record at the hearing held on September 8, 1982. The referee found that the respondent was charged with and found guilty of three felonies and, on September 7, 1982, was sentenced to four years' imprisonment. Pursuant to the parties' stipulation, the referee recommends that the respondent's license to practice law be revoked, unless the conviction on the felony charges be reversed, in which event the Board could proceed on its disciplinary complaint. The referee also recommends that the respondent be required to pay all costs and disbursements of this disciplinary proceeding.

This is not the first occasion we have had to consider disciplinary proceedings against the respondent. On November 27, 1973, the respondent voluntarily surrendered his license to practice law after he had been charged with a crime of accepting a bribe in a matter which arose directly from conduct in his official capacity as an assistant attorney general for the state of Wisconsin. Following extensive plea bargaining, the respondent pleaded guilty to and was convicted of the criminal offense of compounding a felony. By order dated January 21, 1974, we revoked the respondent's license to practice law. We subsequently reinstated his license by order of June 29, 1979.

We hereby adopt the findings, conclusions and recommendation of the referee.

It is ordered that the license of James V. Montgomery to practice law in Wisconsin is revoked, effective the date of this order.

It is further ordered that in the event the respondent's conviction of May 3, 1982 be reversed, the Board of Attorneys Professional Responsibility may proceed on the allegations of unprofessional conduct alleged in the complaint and amended complaint on file in this proceeding.

It is further ordered that James V. Montgomery pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding in the amount of $1,691.47 within 60 days of the date of this order.